UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Kenneth Nizinski,

                          Plaintiff,                          **MEMORANDUM & ORDER**
                                                                                     20-CV-05258 (DG)
     -against-

Martin O'Malley, *Commissioner, Social Security Administration*,

                          Defendant.[*]
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On October 30, 2020, Plaintiff Kenneth Nizinski commenced this action, seeking review pursuant to 42 U.S.C. § 405(g) of an Administrative Law Judge's December 10, 2019 decision (the "December 2019 decision"), which determined that Plaintiff was not disabled from June 13, 2017 through December 10, 2019 and therefore not entitled to Disability Insurance Benefits ("DIB").  *See generally* Complaint ("Compl."), ECF No. 1; Certified Administrative Record ("R.") 15-29, ECF No. 8.

       Pending before the Court are (1) Plaintiff's Motion for Judgment on the Pleadings, *see* Notice of Motion for Judgment on the Pleadings, ECF No. 9; Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings ("Pl.'s Br."), ECF No. 10; Plaintiff's Reply Memorandum of Law ("Pl.'s Reply"), ECF No. 14, and (2) Defendant's Cross-Motion for Judgment on the Pleadings, *see* Notice of Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings, ECF No. 13; Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition

---

[*] The Clerk of Court is directed to amend the caption as set forth above.  *See* Fed. R. Civ. P. 25(d).

to Plaintiff's Motion for Judgment on the Pleadings ("Def.'s Br."), ECF No. 13-1, both made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied, Defendant's Cross-Motion for Judgment on the Pleadings is granted, and the December 2019 decision is affirmed.

## BACKGROUND

### I. Procedural History

On or about June 11, 2018, Plaintiff filed an application for DIB, alleging disability beginning on June 13, 2017.  *See* R. 15; *see also* R. 177 (reflecting that Plaintiff's application was completed on June 12, 2018).  Plaintiff's application was initially denied on July 13, 2018.  *See* R. 98-109.

On July 20, 2018, Plaintiff requested a hearing, *see* R. 110, and on December 2, 2019, Plaintiff testified at a hearing before an Administrative Law Judge (the "ALJ"), *see* R. 34-73.  By decision dated December 10, 2019, the ALJ determined that Plaintiff was not disabled and therefore was not entitled to DIB.  *See* R. 15-29.  The ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") on August 26, 2020, when the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  *See* R. 1-6; *see also* 20 C.F.R. § 422.210.  Plaintiff timely commenced this action on October 30, 2020.  *See* Compl. ¶ 13; R. 2.

### II. Entitlement to Disability Benefits

In evaluating disability claims, an ALJ must adhere to a five-step inquiry.  The claimant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last step.  *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).  Pursuant

to this five-step inquiry, the ALJ first determines whether the claimant is currently engaged in "substantial gainful activity." *See* 20 C.F.R. § 404.1520(a)(4)(i). If the answer is yes, the claimant is not disabled, regardless of the claimant's medical condition or the claimant's age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(i), (b). If the answer is no, the ALJ proceeds to the second step to determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the [applicable] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement." *See* 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities." *See* 20 C.F.R. § 404.1520(c). If the impairment or combination of impairments is not severe, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii); *see also* 20 C.F.R. § 404.1520(c).

If the claimant satisfies his burden at the first two steps – demonstrating that he is not engaged in substantial gainful activity and that he has a severe impairment or combination of impairments – the ALJ proceeds to the third step of the inquiry. At that step, the ALJ considers whether any of the claimant's impairments meets or equals one of the impairments listed in the applicable regulations (the "Listings") and meets the duration requirement. *See* 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1.[1] Before proceeding from step three to step four, an ALJ assesses the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4); *see also* 20 C.F.R. § 404.1520(e).[2] At step four, the ALJ considers the

---

[1] If the ALJ concludes at step three that the claimant's impairment(s) meets the duration requirement and is listed in the Listings or is equal to a listed impairment(s), the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. *See* 20 C.F.R. § 404.1520(d). If not, the analysis proceeds.

[2] A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

3

assessment of the claimant's RFC and past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do the claimant's past relevant work, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *see also* 20 C.F.R. § 404.1520(f). At step five, an ALJ must determine whether the claimant – given the claimant's RFC, age, education, and work experience – can make an adjustment to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c); *see also* 20 C.F.R. § 404.1520(g)-(h).

### III. The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 13, 2017. *See* R. 17 (citing 20 C.F.R. § 404.1571 *et seq.*).[3] At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "lumbar degenerative disc disease status post laminectomy and fusion with radiculopathy and thoracic degenerative disc disease with radiculopathy." *See* R. 17 (citing 20 C.F.R. § 404.1520(c)). The ALJ also found that Plaintiff had the following non-severe impairments: right shoulder rotator cuff tear and osteoarthritis of the right hip. *See* R. 18.

Having determined that Plaintiff satisfied his burden at the first two steps, the ALJ proceeded to the third step of the inquiry. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments in the Listings. *See* R. 18.

Next, the ALJ determined that Plaintiff had the RFC required "to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can only occasionally balance, stoop, kneel,

---

[3] As a threshold matter, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. *See* R. 17.

4

crouch and crawl; can only occasionally climb ramps or stairs; should never climb ladders, ropes or scaffolds; never work in an area that has concentrated exposure to extreme cold; never work in hazardous environments such as at unprotected heights or around moving mechanical parts; [Plaintiff] can perform simple, routine, repetitive tasks." *See* R. 19.

At step four, relying on the RFC determination, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a "Material Expeditor," as actually or generally performed. *See* R. 23. At step five, the ALJ, relying on the testimony of a vocational expert, determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, namely: "Cleaner, Housekeeping (DOT 323.687-014, SVP 2, light, unskilled, 220,000 jobs nationally);" "Counter Attendant (DOT 311.477-014, SVP 2, light, unskilled, 24,000 jobs nationally);" "Fast Food Worker (DOT 311.472-010, SVP 2, light, unskilled, 1M jobs nationally)." *See* R. 23-24.

Accordingly, the ALJ concluded that Plaintiff had not been "under a disability," as defined in the Social Security Act, from June 13, 2017 through the date of the ALJ's decision. *See* R. 24 (citing 20 C.F.R. § 404.1520(g)).

**STANDARD OF REVIEW**

Unsuccessful claimants for benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits. *See* 42 U.S.C. § 405(g). In reviewing a final decision of the Social Security Administration, the Court's role is limited to determining whether the Social Security Administration's conclusions were supported by substantial evidence in the record and were based on a correct legal standard. *See Talavera*, 697 F.3d at 151; *see also Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (alteration accepted) (quotation omitted); *see also Schillo*, 31 F.4th at 74. "The 'substantial evidence' standard is a very deferential standard of review – even more so than the 'clearly erroneous' standard." *Schillo*, 31 F.4th at 74 (quotation omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013).

"In determining whether the agency's findings were support by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Schillo*, 31 F.4th at 74 (quoting *Selian*, 708 F.3d at 417). The reviewing court "defer[s] to the Commissioner's resolution of conflicting evidence." *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). "While the ALJ need not resolve every conflict in the record, 'the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence.'" *Calzada v. Astrue*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (alteration accepted) (citation omitted) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)); *see also Schillo*, 31 F.4th at 74. "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo*, 31 F.4th at 74 (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)).

## DISCUSSION

Plaintiff presents two arguments in support of his position that the ALJ erred in determining that Plaintiff was not disabled. First, Plaintiff argues that the ALJ failed to properly consider Plaintiff's right shoulder rotator cuff tear and osteoarthritis of the right hip and

6

incorrectly concluded that these impairments were not severe. *See* Pl.'s Br. at 1, 17. Plaintiff requests that the Court vacate the December 2019 decision and remand this case for additional proceedings to properly address these impairments. *See* Pl.'s Br. at 1, 17. Second, Plaintiff argues that no reliable evidence supports the proposition that Plaintiff retained the RFC for light work. *See* Pl.'s Br. at 18. Specifically, Plaintiff argues that, in making the RFC finding, the ALJ (1) improperly assigned persuasive weight to a non-examining state agency physician, Dr. Vinluan, who did not review all the relevant evidence of record and whose opinion is not supported or consistent with the evidence of record, and (2) mischaracterized the record with respect to the opinion and clinical findings by Plaintiff's treating orthopedic surgeon, Dr. Petrizzo, and therefore failed to assign appropriate weight to Dr. Petrizzo's opinion. *See* Pl.'s Br. at 1, 18-22. Plaintiff argues that Dr. Vinluan never considered Plaintiff's April 2018 CT scan or "the fact that [Plaintiff]'s condition was severe enough to require surgical intervention." *See* Pl.'s Br. at 18-19. Plaintiff argues that Dr. Petrizzo's opinion, in which Dr. Petrizzo concluded that Plaintiff was limited to standing and walking 3 hours in an 8-hour workday and to sitting for 4 hours in an 8-hour workday, establishes that Plaintiff lacks the ability to perform the "good deal" of standing and walking required of light work and lacks the ability to perform sedentary work. *See* Pl.'s Br. at 20.

Defendant takes the position that substantial evidence supports the ALJ's finding that Plaintiff was not disabled. *See* Def.'s Br. at 4, 18-25. In response to Plaintiff's first argument, Defendant asserts that substantial evidence supports the ALJ's finding that Plaintiff's right hip osteoarthritis and right shoulder rotator cuff tear were not severe impairments; points to record evidence showing that those impairments did not cause more than a minimal functional limitation on Plaintiff's ability to do basic work activities; and argues that Plaintiff failed to meet

his burden of proving otherwise. *See* Def.'s Br. at 18-20. Defendant further argues that, in any event, the ALJ properly incorporated any limitations caused by those impairments in the RFC assessment, rendering irrelevant the determination of whether a specific impairment was severe or non-severe. *See* Def.'s Br. at 20-21. Additionally, Defendant argues that even if Plaintiff could prove that the combined effect of his otherwise non-severe impairments reached disabling severity, he has not proven that the combination of impairments lasted or could be expected to last for a continuous period of not less than 12 months. *See* Def.'s Br. at 21. In response to Plaintiff's second argument, Defendant argues that the ALJ properly formulated the RFC after evaluating the evidence of record as a whole and that Plaintiff has failed to establish that he was more limited than the ALJ found. *See* Def.'s Br. at 21-25. Defendant argues that the ALJ properly articulated that he found Dr. Vinluan's opinion that Plaintiff could perform light work persuasive because it was supported by diagnostic imaging and consistent with the findings of Dr. Petrizzo and his assistant, PA Bianculli, and that the ALJ properly found that Dr. Petrizzo's opinion was not persuasive because, *inter alia*, it was inconsistent with certain examination findings. *See* Def.'s Br. at 23-24. Defendant further argues that, even if Dr. Vinluan did not consider the April 2018 CT scan, the scan is not inconsistent with Dr. Vinluan's opinion that Plaintiff could perform light work, and argues that the fact that Plaintiff eventually required back surgery is not inconsistent with an ability to perform a reduced range of light work. *See* Def.'s Br. at 23.

Upon consideration of the record as a whole, the Court determines that the ALJ's conclusions in the December 2019 decision are supported by substantial evidence and are based on a correct legal standard. Accordingly, the December 2019 decision must be affirmed.

I.  **The ALJ Did Not Err in His Consideration of Plaintiff's Right Shoulder and Right Hip Impairments**

The ALJ's determination that Plaintiff's right shoulder rotator cuff tear and right hip osteoarthritis were non-severe impairments is supported by substantial evidence. In assessing Plaintiff's shoulder impairment at step two, the ALJ noted that, on August 8, 2019, orthopedic surgeon Dr. Mehul Shah examined Plaintiff, whose right shoulder MRI had revealed a tear on the right rotator cuff; that Plaintiff's rotator cuff strength was at 5/5; and that Dr. Shah recommended "waiting if improvement occurs within the next 4 to 6 weeks and referred [Plaintiff] to physical therapy." *See* R. 18. The ALJ also noted that Dr. Shah had "diagnosed [Plaintiff] with superior glenoid labrum lesion of the right shoulder and tear of the rotator cuff," but when Plaintiff returned for a follow-up visit on October 3, 2019, Dr. Shah did not provide "care advice" during that encounter. *See* R. 18. With respect to Plaintiff's right hip osteoarthritis, the ALJ noted that Dr. Steven Ravich saw Plaintiff on November 7, 2019 for right hip pain, and acknowledged that Dr. Ravich "noted [Plaintiff's] right hip MRI showed degenerative changes with cam effect" and "recommended a second epidural injection to the right hip area." *See* R. 18. However, the ALJ also noted with respect to the November 7, 2019 visit with Dr. Ravich that "[Plaintiff's] gait was satisfactory and [Plaintiff] was not taking any medication for the hip pain." *See* R. 18.

In addition to the evidence expressly noted by the ALJ, the record contains further evidence supporting the ALJ's conclusion that Plaintiff's shoulder and hip impairments were not severe. Dr. Ravich's progress notes from August 7, 2019 reflect that Plaintiff's shoulders had, *inter alia*, normal active range of motion and "[g]ood strength to resistance." *See* R. 339. Additionally, in the progress notes from Plaintiff's November 7, 2019 appointment, Dr. Ravich noted that Plaintiff was "walking independent without assistive devices." *See* R. 412.

9

Accordingly, there is substantial evidence in the record that supports the ALJ's conclusion that Plaintiff's hip and shoulder impairments were "only slight abnormalities that would have no more than a minimal effect on [Plaintiff's] ability to work." *See* R. 18.

In support of his argument that the Court should reject the ALJ's conclusion that Plaintiff's hip and shoulder impairments were not severe, Plaintiff points to evidence in the record showing that "[t]he right shoulder MRI revealed 'markedly degenerative supraspinatus and infraspinatus tensons with articular and intrasubstance tears,'" that "Neer and Hawkins signs confirmed impingement of the shoulder," and that "Dr. Ravich treated the right hip pain with epidural steroid injections," and argues that "[t]he ALJ's conclusion that these impairments produced minimal functional limitation is belied by clinical examinations establishing restricted range of motion of the right shoulder and the right hip." *See* Pl.'s Br. at 17; *see also* Pl.'s Reply at 1. Notwithstanding the evidence Plaintiff highlights, however, there is substantial evidence in the record to support the ALJ's conclusion, as noted above. To the extent that there are conflicts in the medical evidence, the Court must defer to the Commissioner's resolution of such conflicts. *See Cage*, 692 F.3d at 122; *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Moreover, even assuming *arguendo* that the ALJ erred in finding that Plaintiff's shoulder and hip impairments were not severe, any such error would be harmless because the ALJ considered the effects of those impairments as part of the ultimate RFC determination. *See Richardson v. Saul*, No. 19-CV-03603, 2021 WL 3741505, at *2 (E.D.N.Y. Aug. 24, 2021) ("Any potential omission of a severe impairment at step two may be deemed harmless where the ALJ also later considers the effects from the omitted impairment as part of the ultimate RFC determination." (quotation omitted)); *see also O'Connell v. Colvin*, 558 F. App'x 63, 65 (2d Cir.

2014). The ALJ expressly noted that, in making his RFC determination, he had "considered all symptoms." *See* R. 19. Indeed, in discussing the objective medical evidence of record, the ALJ noted, *inter alia*, Plaintiff's "normal gait" and the fact that "claimant was not taking medication for his hip despite complaints of pain," *see* R. 21 (citing R. 413), which reflects that the ALJ did not confine his consideration to only severe impairments when making his RFC determination. *See O'Connell*, 558 F. App'x at 65 (noting that "the ALJ's decision [made] clear that he considered 'all symptoms' and the 'combination of impairments' in making his determination," and affirming the district court's affirmance of the ALJ's decision).[4]

## II. The ALJ's RFC Determination is Supported by Substantial Evidence

The ALJ's RFC determination – that Plaintiff has the RFC to perform light work as set forth in the December 2019 decision – is supported by substantial evidence. The ALJ expressly noted that his RFC determination was made "[a]fter careful consideration of the entire record;" that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the [applicable] requirements;" and that he had also considered "the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." *See* R. 19. The ALJ indicated that he considered records from appointments with Dr. Checo, Dr. Rousseau, Dr. Petrizzo, Dr. Ravich, and PA Bianculli as well as opinion evidence from Dr. Vinluan, Dr. Petrizzo, Dr. Schwartz, and Dr. Checo. *See* R. 20-22.

Plaintiff challenges the ALJ's RFC finding based on how the ALJ weighed the opinions of Dr. Vinluan and Dr. Petrizzo. *See* Pl.'s Br. at 18-22. In his decision, the ALJ concluded that

---

[4] Further, the December 2019 decision reflects that the ALJ considered Plaintiff's statements about his symptoms. *See, e.g.*, R. 19. At the hearing before the ALJ, Plaintiff made statements about his hip and shoulder. *See, e.g.*, R. 48-49.

11

"[t]he findings and limitations of the State Agency Medical Consultant, Dr. A. Vinluan is persuasive." *See* R. 22. The ALJ noted that Dr. Vinluan "opined [Plaintiff] could perform light work with occasional postural limitations based on [Dr. Vinluan's] records review" and the ALJ noted that he found that Dr. Vinluan's "findings and limitations are supported by [Plaintiff]'s diagnostic imaging showing minimal degenerative changes and consistent with the findings of orthopedists, Dr. Petrizzo and PA Bianculli." *See* R. 22. The ALJ also concluded that "[t]he medical source statement of orthopedic surgeon, Dr. Anthony Petrizzo in October 2019 is not persuasive." *See* R. 22. The ALJ noted that Dr. Petrizzo "opined a sedentary RFC for [Plaintiff] and should never perform postural activities due to pain." *See* R. 22. The ALJ articulated his reasons for his conclusion with respect to Dr. Petrizzo's assessment of Plaintiff's limitations, noting that Dr. Petrizzo's examination in May 2019 and PA Bianculli's examinations in June and September 2019 showed that Plaintiff was "progressing well" after his back surgery, and further noting that "Dr. Petrizzo's sit/stand limitations appear to be tied to [Plaintiff's] recent lumbar fusion surgery, which happened less than 12-months ago which will not pass the duration requirement of 20 CFR 404.1509." *See* R. 22. Here, the ALJ did not err in his consideration of the relevant factors when he evaluated the persuasiveness of the medical opinions in the record and did not err in his articulation of his conclusions. *See* 20 C.F.R. § 416.920c; *see also Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151, 160-61 (S.D.N.Y. 2022). Again, the Court must defer to the Commissioner's resolution of conflicting evidence. *See Cage*, 692 F.3d at 122; *see also Veino*, 312 F.3d at 588.[5]

---

[5] To the extent that Plaintiff relies on the "treating physician rule" in support of his argument that the ALJ improperly rejected Dr. Petrizzo's opinion, s*ee* Pl.'s Br. at 19 (citing cases that apply the treating physician rule), the Court notes that the treating physician rule does not apply to this case, as Plaintiff's original application for DIB was filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c; *Russ*, 582 F. Supp. 3d at 160 (explaining that for claims filed after

12

\* \* \*

In sum, the Court determines, upon consideration of the record as a whole, that the ALJ's conclusions are supported by substantial evidence and are based on a correct legal standard. The December 2019 decision therefore is affirmed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 9, is DENIED; Defendant's Cross-Motion for Judgment on the Pleadings, ECF No. 13, is GRANTED; and the December 2019 decision is AFFIRMED.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated:  February 16, 2024
        Brooklyn, New York

---

March 27, 2017, a treating doctor's opinion is no longer entitled to a presumption of controlling weight).